IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal No: 8:12-320 |
| ) | |
| v. ) | |
| ) | **PLEA AGREEMENT** |
| ATLANTIC BULLION & COIN, INC. ) | |

### General Provisions

This PLEA AGREEMENT is made this 27th day of July, 2012, between the United States of America, as represented by United States Attorney WILLIAM N. NETTLES, Assistant United States Attorney WILLIAM J. WATKINS, JR.; the Defendant, **ATLANTIC BULLION & COIN, INC.**, and Defendant's Attorney, J. JEFFREY A. MERRIAM, Esquire.

IN CONSIDERATION of the mutual promises made herein, the parties hereto agree as follows:

1. The Defendant, **ATLANTIC BULLION & COIN, INC.**, agrees to waive Indictment and arraignment, and plead guilty to an Information charging MAIL FRAUD, in violation of Title 18, United States Code, § 1341.

In order to sustain its burden of proof as to this offense, the Government is required to prove the following:

Beginning in or about January 2001 and continuing to in or about March 2012, in the District of South Carolina, the Defendant

(A) Knowingly devised or knowingly participated in a scheme or artifice to

defraud or to obtain money or property by means of false or fraudulent pretenses, representations, or promises as detailed in the Information; and

(B)   In advancing, or furthering, or carrying out this scheme to defraud or to obtain property by means of false or fraudulent pretenses, representations, or promises, the defendant used the mails, or a private or commercial interstate carrier, or caused them to be used; and

(C)   The defendant acted with intent to defraud.

**Possible Penalties for 18 U.S.C. § 1341**

$500,000 fine, or twice the gross gain or loss
$400 special assessment

2.   The Defendant agrees to provide detailed financial information to the United States Probation Office prior to sentencing. The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 U.S.C. § 3613. The Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the government from seeking to enforce the judgment against other assets of the Defendant at any time, as provided in 18 U.S.C. §§ 3612, 3613 and 3664(m).

The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

(A)  <u>Special Assessment:</u> Pursuant to 18 U.S.C. § 3013, the Defendant must pay a special assessment of $400.00 for each felony count for which it is convicted. This special assessment must be paid at or before the time of the guilty plea hearing.

(B)  <u>Restitution:</u>

(a) The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by its scheme or pattern of criminal activity, pursuant to 18 U.S.C. § 3663. The Defendant agrees that full restitution includes payment to all victims directly or indirectly harmed by the Defendant's "relevant conduct," including conduct pertaining to any dismissed counts or uncharged conduct, as defined by U.S.S.G. § 1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A. The Defendant further agrees to cooperate fully with the government in identifying all victims.

(b) The Defendant agrees to truthfully complete under penalty of perjury within thirty days of the execution of this Plea Agreement a financial statement provided by the U.S. Attorney's Office and to update the statement with material changes within seven days of the change.

(c) The Defendant agrees to make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the

Defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose.

(d) The monetary penalties imposed by the Court will be (i) subject to immediate enforcement as provided for in 18 U.S.C. § 3613, and (ii) submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the Defendant receives may be offset and applied to federal debts but will not affect the periodic payment schedule.

(C)     Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3.     The Defendant understands that the matter of sentencing is within the sole discretion of the Court and that the sentence applicable to Defendant's case will be imposed after the Court considers as advisory the United States Sentencing Commission Guidelines, Application Notes and Policy Statements, as well as the factors set forth in Title 18, United States Code, Section 3553(a). The Defendant also understands that Defendant's sentence has not yet been determined by the court, and that any estimate of a probable sentencing range Defendant may have received from Defendant's attorney, the Government, or the United States Probation Office is only a prediction, not a promise, and is not binding on the Government, the Probation Office or the Court. The Defendant further understands that the Government retains the right to inform the Court of any relevant facts, to address the Court with respect to the nature of the offense, to respond to questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report, to respond to any

statements made to the Court by or on behalf of the Defendant and to summarize all evidence which would have been presented at trial to establish a factual basis for the plea.

4. The Defendant agrees that all facts that determine its offense level under the Guidelines and pursuant to any mandatory minimum (including facts that support any specific offense characteristic or other enhancement or adjustment) can be found by the court at sentencing by a preponderance of the evidence standard and the court may consider any reliable evidence, including hearsay. By executing this Agreement, the Defendant understands that it waives any argument that facts that determine its offense level under the Guidelines and pursuant to any mandatory minimum should be alleged in an indictment and found by a jury beyond a reasonable doubt.

5. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws.

6. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either expressed or implied, it is understood that the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw its plea of guilty to the offense(s) enumerated herein.

### Cooperation and Forfeiture

7. The Defendant agrees to be fully truthful and forthright with federal, state and local law enforcement agencies by providing full, complete and truthful information about all criminal activities about which it has knowledge. The Defendant must provide full, complete

and truthful debriefings about these unlawful activities and must fully disclose and provide truthful information to the Government including any books, papers, or documents or any other items of evidentiary value to the investigation. The Defendant through its duly authorized agents must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Government, subject to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful and forthright at any stage will, at the sole election of the Government, cause the obligations of the Government within this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the Government within this Agreement become null and void due to the lack of truthfulness on the part of any duly authorized agent of the Defendant, the Defendant understands that:

 (A) the Defendant will not be permitted to withdraw its plea of guilty to the offenses described above;

 (B) all additional charges known to the Government may be filed in the appropriate district;

 (C) the Government will argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and

 (D) the Government will use any and all information and testimony provided by the Defendant in the prosecution of the Defendant of all charges.

8. The Government agrees that any self-incriminating information provided by the Defendant as a result of the cooperation required by the terms of this Agreement, although

available to the Court, will not be used against the Defendant in determining the Defendant's applicable guideline range for sentencing pursuant to the U.S. Sentencing Commission Guidelines. The provisions of this paragraph shall not be applied to restrict any such information:

    (A)    known to the Government prior to the date of this Agreement;

    (B)    concerning the existence of prior convictions and sentences;

    (C)    in a prosecution for perjury or giving a false statement; or

    (D)    in the event the Defendant breaches any of the terms of the Plea Agreement.

9. The Defendant agrees to forfeit to the United States, immediately and voluntarily, any and all assets and property, or portions thereof, subject to forfeiture, pursuant to any federal criminal, civil judicial or administrative forfeiture action, whether in the possession or control of the United States, the Defendant, or the Defendant's nominees. The assets to be forfeited specifically include, but are not limited to, each and every asset listed in the Information, as well as any and all additional assets which facilitated the crime and/or were purchased or funded with proceeds of the crime.

10. The Defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The Defendant also hereby agrees to waive all constitutional, statutory and procedural challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument,

addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

11. With regard to each and every asset listed in the Information or seized in a related investigation or administrative, state, or local action, the Defendant stipulates and agrees:

    a. To its forfeiture herein, if necessary as substitute property under 21 U.S.C. § 853(p), as made applicable by 18 U.S.C. § 982(b)(1) or any other statute, or in a separate administrative or civil judicial proceeding. The United States may use the value of forfeited property for restitution but is not required to do so.

    b. That the Defendant has or had a possessory interest or other legal interest in each item or property.

    c. To assist the United States in the recovery of all assets by (i) taking whatever steps are necessary or requested by the United States to pass clear title to the United States; (ii) preventing the disbursement of any moneys and sale of any property or assets; (iii) not encumbering or transferring any real estate after the Defendant's signing of this Plea Agreement; and (iv) directing all financial institutions to turn over and surrender to the United States all funds and records regarding accounts listed in any document signed by the Defendant pursuant to this plea agreement, as criminal proceeds or substitute property.

    d. The Defendant waives all rights to notice of forfeiture under Rule 32.2 and of any other action or proceeding regarding such assets. The Defendant consents and waives all rights to compliance by the United States with any applicable

deadlines under 18 U.S.C. § 983(a). Any related administrative claim filed by the Defendant is hereby withdrawn.

e.  Pursuant to Rule 32.2(b)(4), the Defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the Defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the Defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

f.  If the United States discovers that the Defendant has not fully disclosed all assets, the United States may seek forfeiture of any subsequently-discovered assets, and the Defendant agrees to the immediate forfeiture of any such assets.

g.  The Defendant further agrees to make a full and complete disclosure of all assets over which Defendant exercises control and those which are held or controlled by nominees. The Defendant agrees that Federal Rule of Criminal Procedure 11 and U.S.S.G. § 1B1.8 will not protect from forfeiture assets disclosed by the Defendant as part of its cooperation. The Defendant further agrees to submit to a polygraph examination on the issue of assets if it is deemed necessary by the United States.

h.  The Defendant agrees to waive any double jeopardy claims it may have as a result of a forfeiture proceeding against any of these properties as provided for by this Plea Agreement.

i.  The Defendant also consents to the entry of a personal money judgment

against the Defendant and in favor of the United States in an amount to be determined by the Court at sentencing, in United States currency, with interest, as of the date of entry of judgment.

### Merger and Other Provisions

12. The Defendant represents to the court that it has met with its attorneys on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has provided truthful information to its attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and its attorney have discussed possible defenses, if any, to the charges in the Information, including the existence of any exculpatory or favorable evidence or witness, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to confront and cross-examine the government's witnesses, the Defendant's right to provide testimony on its own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to its Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

13. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea

Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct. This Agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

14. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

15. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

7/27/2012
DATE

_____, President
Duly authorized agent, on behalf of
ATLANTIC BULLION & COIN, INC.
Defendant

-11-

DATE 7/27/2012

*(signature)*
JEFFREY A. MERRIAM
Attorney for the Defendant

DATE 7/27/12

WILLIAM N. NETTLES
UNITED STATES ATTORNEY

BY: *(signature)*
WILLIAM J. WATKINS, JR.
Assistant U. S. Attorney

U. S. DEPARTMENT OF JUSTICE
Statement of Special Assessment Amount

This statement reflects your special assessment only. There may be other penalties imposed at sentencing. <u>This Special Assessment is due and payable at the time of the execution of the plea agreement.</u>

| ACCOUNT INFORMATION ||
|---|---|
| CRIM. ACTION NO.: | |
| DEFENDANT'S NAME: | |
| PAY THIS AMOUNT: | |
| PAYMENT DUE ON OR BEFORE: | (date plea agreement signed) |

MAKE CHECK OR MONEY ORDER PAYABLE TO:
*CLERK, U.S. DISTRICT COURT*

PAYMENT SHOULD BE SENT TO:
Clerk, U.S. District Court
[Address in Columbia, Greenville, Charleston or Florence]

OR HAND DELIVERED TO:
Clerk's Office
[Address in Columbia, Greenville, Charleston or Florence]  (Mon - Fri  9-5)

*INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER*  (***Do Not send cash***)

*ENCLOSE THIS COUPON TO INSURE PROPER and PROMPT APPLICATION OF PAYMENT*